# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PETER STROJNIK, SR.,**<br><br>**Plaintiff**<br><br>v.<br><br>**THE VICTUS GROUP, INC. dba Sierra Sky Ranch,**<br><br>**Defendant** | **CASE NO. 1:18-CV-1620 AWI SKO**<br><br>**ORDER ON FINDINGS AND RECOMMENDATION, ORDER DENYING MOTION FOR DEFAULT JUDGMEN, and ORDER DISMISSING COMPLAINT**<br><br>(Doc. Nos. 1, 11, 15) |

This is a disability public accommodation case brought by Plaintiff Peter Strojnik ("Strojnik") against Defendant the Victus Group dba Sierra Sky Ranch ("SSR"). Strojnik filed his Complaint in this Court on November 8, 2018 and alleged claims under Title III of the Americans with Disabilities Act, the California Unruh Civil Rights Act, the California Disabled Persons Act, and state law negligence. See Doc. No. 1.

On May 15, 2019, the Clerk entered default against Defendant. See Doc. No. 8.

On May 31, 2019, Plaintiff filed a motion for default judgment. See Doc. No. 11. Defendant failed to file an opposition to the motion.

On September 9, 2019, the assigned magistrate judge issued a findings and recommendations ("F&R") that recommended granting the motion for default judgment in part. See Doc. No. 15. The assigned magistrate judge directed Plaintiff to serve a copy of the F&R on SSR and allowed the parties twenty-one (21) days in which to file objections. Id. The period for filing objections has passed and no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court respectfully disagrees with the F&R that default judgement should be entered in this case.

1 | *Legal Standard*

"As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009). In deciding whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9t h Cir. 2016); Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Upon a clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." VLM Food Trading Int'l, Inc. v. Illinois Trading Co., 811 F.3d 247, 255 (7th Cir. 2016); see Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." DirecTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Application of the rules of pleading "require that the averments of the complaint sufficiently establish a basis for judgment against the defendant." Yamaguchi v. United States Dept. of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992). Facts which are not established by the complaint, and claims which are not properly pled, are not binding and cannot support default judgment. Alan Neuman, 862 F.2d at 1392; Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). The decision whether to enter default judgment is discretionary with the district court. Alan Neuman, 862 F.2d at 1392.

*Complaint's Relevant Allegations*

The Complaint alleges that Strojnik is legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate and renal cancer, and a

degenerative right knee. These conditions substantially limits major life activities. Strojnik walks with difficulty and pain and requires mobility accessible features at places of public accommodation.

SSR is a hotel in Oakhurst, California, and is a public accommodation for purposes of the ADA. Strojnik lives in Maricopa County, Arizona. Strojnik intended to visit the Yosemite Area and reviewed the following third-party booking websites regarding SSR: Hotels.com, Expedia.com, Orbitz.com, Travelocity.com, and Priceline.com. The Complaint alleges that these websites contained the same barrier: they did not "identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." This barrier allegedly denied Strojnik equal access by failing to identify and the accessible features in sufficient detail to reasonably permit Strojnik to independently assess whether the rooms meet his needs. The Complaint also alleges that the third-party websites failed to make reservations for accessible rooms available in the same manner as individuals who do not need accessible rooms. After visiting the third-party booking websites, Strojnik visited SSR's website and found the same barriers existed, not enough information for independent determination of sufficient accessibility and different methods of making reservations for accessible and non-accessible needs/rooms.

Strojnik reviewed SSR's online information relating to accessibility or lack thereof, including photographs of amenities. Online information and photographs revealed a number of barriers. The Complaint includes ten photos that are black and white and grainy, most of which are indecipherable. Under each photograph is a section entitled, "identification of specific barrier in plain language," and a section entitled, "the manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel." Under the latter section, each entry reads: "Barrier denied Plaintiff full and equal access." For the identification of the specific barrier, the Complaints states: "no apparent accessible parking and no accessibility to pool," "no apparent accessible entry and improperly configured handrails," "inaccessible check in counter," "improperly configured handrails on ramp," "improperly configured handrails on stairs," "inaccessible bar," "inaccessible bathroom," "inaccessible pool (no lift)," "insufficient space

3

1  around bad and mattress too high," and "stairs on accessible route."  As a result of these barriers,
2  Strojnik did not book a room at SSR and did not travel to Yosemite.

3  The Complaint alleges that removal of the barriers is readily achievable.  Strojnik is
4  deterred from visiting SSR based on his knowledge that it is not compliant in relation to his
5  disability.  Strojnik intends to visit SSR at a specific time when SSR becomes fully compliant with
6  the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

*Discussion*

Strojnik has filed many similar complaints alleging accessibility problems with various hotels, including architectural barriers and websites problems.  E.g. Strojnik v. San Diego Farah Partners, L.P., 2020 U.S. Dist. LEXIS 36536 (S.D. Cal. Mar. 2, 2020); Strojnik v. IA Lodging Napa First LLC, 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020); Strojnik v. Bakersfield Convention Center Hotel I, LLC, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 30, 2020); Strojnik v. Orangewood LLC, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020); Strojnik v. Resort at Indian Springs, Inc., 2019 U.S. Dist. LEXIS (N.D. Cal. Dec. 19, 2019); Strojnik v. Four Sisters Inns, Inc., 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019); Strojnik v. Hotel Circle GL Holdings, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019); Strojnik v. 1315 Orange LLC, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019); Strojnik v. Pasadena Robles Acquisition, LLC, 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019).  These cases involve an alleged lack of details about the accessibility features of the hotel, as well as pictures of online photos of various aspects of the hotels/rooms that allegedly constitute ADA barriers.  In each of the above cases, it was concluded that Strojnik had failed to allege standing under the ADA.  The Court agrees with the analyses of the above courts.[1]

A plaintiff bringing suit under Title III of ADA may only obtain injunctive relief, no monetary relief is available.  See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).  An ADA Title III plaintiff may establish Article III constitutional standing by showing:  (1) a likely injury in the future related to the plaintiff's disability ("injury in fact standing"), or (2) he was deterred

---

[1] The Court notes that this body of case law had not developed by the time the F&R was issued, and thus, was not available to the Magistrate Judge.

4

from visiting the noncompliant public accommodation because he encountered barriers related to his disability there ("deterrence standing"). See Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 949 (9th Cir. 2011). A plaintiff's actual knowledge of a barrier, combined with an intent to visit a public accommodation once it becomes complaint, may be sufficient to demonstrate "deterrence" standing. See Civil Rights Educ. & Enforcement Ctr. V. Hospitality Properties Trust, 867 F.3d 1093, 1099 (9th Cir. 2017).

With respect to "injury in fact standing," there are two basic problems with the Complaint. First, the Complaint does not explain how Strojnik's specific disability was affected by any of the alleged barriers (both architectural and the websites) so as to deny him full and equal access. See San Diego Farah, 2020 U.S. Dist. LEXIS 36536 at *2; IA Lodging Napa, 2020 U.S. Dist. LEXIS 32075 at *6-*8; Bakersfield Convention, 2020 U.S. Dist. LEXIS 16339 at *8-*10; Orangewood LLC, 2020 U.S. Dist. LEXIS 11743 at *10-*23; Resort at Indian Springs, Inc., 2019 U.S. Dist. LEXIS at *11-13; Four Sisters Inns, Inc., 2019 U.S. Dist. LEXIS 212094 at *7-*8; Hotel Circle GL Holdings, 2019 U.S. Dist. LEXIS 202591 at *7-*11; 1315 Orange LLC, 2019 U.S. Dist. LEXIS 185481 at *2-*6. Second, there are insufficient factual allegations that demonstrate Strojnik is likely to return and encounter the barriers at SSR in the future. See IA Lodging Napa, 2020 U.S. Dist. LEXIS 32075 at *8-*10; Bakersfield Convention, 2020 U.S. Dist. LEXIS 16339 at *14-*15; Four Sisters Inns, Inc., 2019 U.S. Dist. LEXIS 212094 at *8-*11; Hotel Circle GL Holdings, 2019 U.S. Dist. LEXIS 202591 at *12-*15; 1315 Orange LLC, 2019 U.S. Dist. LEXIS 185481 at *6; Pasadena Robles Acquisition, LLC, 2019 U.S. Dist. LEXIS 213070 at *5-*8.

With respect to "deterrence" standing, there are similar problems. First, the Complaint does not adequately explain how the barriers relate to Strojnik's specific disability. See San Diego Farah, 2020 U.S. Dist. LEXIS 36536 at *2; IA Lodging Napa, 2020 U.S. Dist. LEXIS 32075 at *10-*11; Orangewood LLC, 2020 U.S. Dist. LEXIS 11743 at *24; Resort at Indian Springs, Inc., 2019 U.S. Dist. LEXIS at *15-16; Four Sisters Inns, Inc., 2019 U.S. Dist. LEXIS 212094 at *12; Hotel Circle GL Holdings, 2019 U.S. Dist. LEXIS 202591 at *15. Second, there are insufficient allegations of actual knowledge of the alleged architectural accommodations. Bakersfield Convention, 2020 U.S. Dist. LEXIS 16339 at *16; Four Sisters Inns, Inc., 2019 U.S. Dist. LEXIS

212094 at *12; Pasadena Robles Acquisition, LLC, 2019 U.S. Dist. LEXIS 213070 at *10. Strojnik submits pictures, but it is not clear what the source of the pictures are, whether the pictures concern rooms that are intended to be ADA compliant, or whether Strojnik confirmed the existence of the barrier with SRS. Thus, actual knowledge has not been adequately demonstrated. Third, there are insufficient factual allegations that justify an inference that Strojnik would attempt to book a room and stay with SSR if the barriers relating to his disability are actually remedied or otherwise brought in to compliance with the ADA. See IA Lodging Napa, 2020 U.S. Dist. LEXIS 32075 at *10-*11; Bakersfield Convention, 2020 U.S. Dist. LEXIS 16339 at *16; Orangewood LLC, 2020 U.S. Dist. LEXIS 11743 at *24-*28; Resort at Indian Springs, Inc., 2019 U.S. Dist. LEXIS at *15-16; Four Sisters Inns, Inc., 2019 U.S. Dist. LEXIS 212094 at *12-*13; Hotel Circle GL Holdings, 2019 U.S. Dist. LEXIS 202591 at *15-*16; Pasadena Robles Acquisition, LLC, 2019 U.S. Dist. LEXIS 213070 at *8-*11.

If there is not Article III constitutional standing, the Court lacks subject matter jurisdiction. See Naruto v. Slater, 888 F.3d 418, 425 n.7 (9th Cir. 2018); Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Without subject matter jurisdiction, the Court cannot issue an order granting default judgment. See Hmong v. Lao People's Democratic Republic, 748 F. App'x 136, 137 (9th Cir. 2019); Hofelich v. Lacy, 616 F. App'x 310, 311 (9th Cir. 2015).

Further, the Complaint seeks statutory damages, treble damages, punitive damages, compensatory damages, and injunctive relief. Because only injunctive relief is available under the ADA, see Wander, 304 F.3d at 858, all monetary claims arise only under state law. As part of the motion for default judgment, Strojnik requested $32,000 in statutory damages and $15,000 in punitive damages. See Doc. No. 11 at p.10. Also, Plaintiff request injunctions through California state law that would actually close SSR until SSR became sufficiently accessible. No such relief is requested under the ADA. Under 28 U.S.C. § 1367(c)(2), district courts may decline to exercise supplemental jurisdiction over a state law claim where the state law claim "substantially predominates over the [federal claim]." 28 U.S.C. § 1367(c)(2). Given the amount and nature of the total relief requested, the Court concludes that Strojnik's three California state law claims substantially predominate over the single ADA claim. See Armstrong v. Nan, 679 F. App'x 582

1  (9th Cir. 2017); Schutza v. Cuddeback, 262 F.Supp.3d 1025, 1030 (S.D. Cal. 2017); Organization
2  for the Advancement of Minorities v. Brick Oven Rest., 406 F.Supp.2d 1120, 1131 (S.D. Cal.
3  2005); Molski v. Hitching Post 1 Restaurant, Inc., 2005 U.S. Dist. LEXIS 39959, *22-*23 (C.D.
4  Cal. May 25, 2005); see also Whitaker v. Bold Will Hold, LLC, 2019 U.S. Dist. LEXIS 226931,
5  *12-*13 (C.D. Cal. Nov. 18, 2019). It is appropriate to decline supplemental jurisdiction over
6  Strojnik's state law claims.

Finally, apart from the lack of subject matter jurisdiction, there are pleading problems. A complaint may not simply recite the elements of a cause of action, rather a complaint must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014). The factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Iqbal, 556 U.S. at 678-79; Levitt, 765 F.3d at 1135.

Here, the pictures submitted by Strojnik do not plausibly demonstrate discriminatory barriers. The vast majority of pictures are indecipherable, there is no explanation of how or why something is a barrier under the ADAAG, and, as discussed above, there are insufficient factual allegations of how any alleged barrier affects Strojnik's disability. Cf. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 908 (9th Cir. 2011) ("Where the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation, [the grounds on which the claim rests\ are the allegedly non-compliant architectural features of the facility. Thus . . . each feature must be alleged in the complaint."). Further, simply alleging without elaboration that some feature denies full and equal access is an insufficient legal conclusion. There must be sufficient factual allegations or explanations as to how the barrier operates to deny the plaintiff full and equal access. Therefore, the pictures and their captions are too conclusory to constitute well-pleaded facts in support of a Title III ADA claim. See id.; see also Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (setting the three basic elements of an ADA Title III claim). More factual allegations are necessary for every barrier that affects Strojnik's disability.

*Conclusion*

The F&R recommended granting Strojnik's motion for default judgment and awarding him $4,000 in damages, $447 in costs, and injunctive relief for SSR to remedy the barriers identified. As discussed above, the Court respectfully cannot adopt the F&R. Instead, the Court finds that Strojnik has not properly alleged standing, which deprives this Court of jurisdiction. Instead of granting Strojnik's motion for default judgment, the Court must deny the motion for default judgment and dismiss the Complaint. The dismissal will be with leave to amend. However, because the Court is declining to exercise supplement jurisdiction under § 1367(c)(2) over the state law claims alleged, leave to amend is limited to amending the ADA claim.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court respectfully DECLINES to adopt the September 2019 Findings and Recommendation (Doc. No. 15);
2. Plaintiff's motion for default judgment (Doc. No. 11) is DENIED;
3. Plaintiff's Complaint is DISMISSED for lack of jurisdiction;
4. Within twenty-one (21) days of service of this order, Plaintiff may file an amended complaint that amends his ADA claim;
5. Pursuant to 28 U.S.C. § 1367(c)(2), the Court declines to exercise supplemental jurisdiction over the state law claims alleged in the Complaint; and
6. The failure to file an amended complaint will result in the withdrawal of leave to amend and the dismissal of this case without further notice.

IT IS SO ORDERED.

Dated: March 27, 2020

_____

SENIOR DISTRICT JUDGE